8/11/2022 10:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67177318
By: Taiasha Bradford
Filed: 8/11/2022 10:08 AM

**2022-49160 / Court: 281**

CAUSE NO. _____

| | | |
|---|---|---|
| KENNETH WARREN WARBRICK | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | |
| | § | COUNTY, TEXAS |
| WERNER ENTERPRISES, INC. AND SIDNEY AVERETT, | § § § | |
| *Defendants.* | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Kenneth Warren Warbrick ("Plaintiff") file this Plaintiff's Original Petition against Werner Enterprises, Inc. and Sidney Averett ("Defendants"), and respectfully shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Discovery Control Plan Level Three of the Texas Rules of Civil Procedure and requests the Court to enter an Order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this specific case.

### II. PARTIES

2. Plaintiff, Kenneth Warren Warbrick, is an individual and a resident of Baytown, Harris County, Texas.

3. Defendant, Werner Enterprises, Inc., is a Texas Company subject to this Court's jurisdiction and may be served through its registered agent, Corporate Creations Network Inc. at 5444 Westheimer Road #1000, Houston, Texas 77056.

4. Defendant, Sidney Averett, is an individual, a resident of Sylacauga, Alabama



Certified Document Number: 103448195 - Page 1 of 7

and may be found at 909 Center Street, Sylacauga, Alabama 35150.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this cause, as the amount in controversy and damages sought by Plaintiff exceed the minimum jurisdictional limits of this Court.

6. Venue is proper in Harris County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

### IV. FACTS

7. This is an automobile collision case, and this lawsuit is necessary because of personal injuries Plaintiff sustained on or about November 3, 2020.

8. On the date in question, Plaintiff was on a scooter when defendant, Sidney Averett, driving a Werner Enterprises a semi-truck, failed to pay attention and crashed into Plaintiff. The crash occurred in on Thompson Road in Baytown, Texas.

9. Defendant driver, Sidney Averett, was working for Werner Enterprises, Inc. at the time of the crash. Defendant's conduct proximately caused Plaintiff's injuries and damages.

### V. CAUSES OF ACTION

#### A. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST SIDNEY AVERETT

10. Defendant SIDNEY AVERETT had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

Certified Document Number: 103448195 - Page 2 of 7

11. Plaintiff's injuries were proximately caused by Defendant SIDNEY AVERETT's negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Defendant SIDNEY AVERETT consisted of, but is not limited to, the following acts and omissions:

(a) In that Defendant SIDNEY AVERETT failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

(b) In that Defendant SIDNEY AVERETT failed to yield as a person of prudent care would have done;

(c) In that Defendant SIDNEY AVERETT failed to turn his motor vehicle in an effort to avoid the collision complained of;

(d) In that Defendant SIDNEY AVERETT failed to operate a motor vehicle as a person using ordinary prudent care would have done;

(e) In that Defendant SIDNEY AVERETT was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

(f) In that Defendant SIDNEY AVERETT failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

B. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT WERNER ENTERPRISES, INC.

13. Plaintiff was injured as a result of Defendant WERNER ENTERPRISES, LLC's employee's negligence.

14. Defendant WERNER ENTERPRISES, LLC's employee's negligence was performed while employee was within the course and scope of that employment.

15. Defendant WERNER ENTERPRISES, LLC's employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others

under circumstances similar to those described herein.

16. Plaintiffs' injuries were proximately caused by Defendant WERNER ENTERPRISES, LLC's employee's negligent, careless and/or reckless disregard of said duty.

17. The negligent, careless and/or reckless disregard of duty of Defendant WERNER ENTERPRISES, LLC's employee consisted of, but is not limited to, the following acts and omissions:

- (a) In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- (b) In that Defendant failed to yield as a person of prudent care would have done;

- (c) In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

- (d) In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

- (e) In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

- (f) In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

18. The foregoing acts and omissions constitute negligence on the part of Defendant, which thereby renders Defendant responsible for Plaintiff's damages, and Plaintiff seeks to recover such damages from Defendant.

## VI. DAMAGES

19. As a direct and proximate result of Defendant's aforementioned acts and

Certified Document Number: 103448195 - Page 4 of 7

omissions, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems, expenses, and economic damages, both in the past and in the future. Plaintiff is therefore entitled to recover the following legal damages:

(a) Medical care and expenses sustained in the past: Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the collision complained of herein, and such charges are reasonable and were usual and customary charges for such services in Texas.

(b) Medical care and expenses that, in all reasonable probability, Plaintiff will sustain in the future;

(c) Physical pain, suffering, and mental anguish sustained in the past;

(d) Physical pain, suffering, and mental anguish that, in all reasonable probability, Plaintiff will sustain in the future;

(e) Physical impairment sustained in the past;

(f) Physical impairment that, in all reasonable probability, Plaintiff will continue to have in the future;

(g) Lost wages in the past;

(h) Lost earning capacity; and

(i) Punitive damages.

20. All of Plaintiff's injuries and damages as set forth herein were proximately caused by the negligence of Defendant.

21. The amounts of Plaintiff's damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage in the past and future, including pain, suffering, impairment, and mental anguish cannot be determined with mathematical precision. The determination of many of these

elements of damage is peculiarly within the province of the jury. Plaintiff would rather the jury decide what amount of money would fairly and reasonably compensate Plaintiff for the damages and injuries proven at the time of trial. However, Defendant may utilize Rule 47 of the Texas Rules of Civil Procedure to force Plaintiff to state a maximum amount of money claimed. While trusting the jury to determine this issue, pursuant to Texas law, under Rule 47, Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court at an amount no less than $250,000.00 and not more than $1,000,000.00 from Defendant. However, if the jury chosen in this case should determine that a larger sum would be appropriate to compensate Plaintiff for his injuries and damages, Plaintiff reserves the right to file an amended pleading or move for a trial amendment to carry out the will of the jury as is their right under the United States and Texas Constitutions. Plaintiff further seeks such other and further relief to which they may be entitled to at law or in equity.

## VII.   JURY DEMAND

22.   Plaintiff request a trial by jury pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure.

## VIII.   REQUEST FOR ELECTRONIC SERVICE

23.   Plaintiff request that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon their attorneys. Plaintiff's attorneys hereby affirm awareness of the right to later rescind this agreement by filing notice.

Certified Document Number: 103448195 - Page 6 of 7

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kenneth Warren Warbrick, respectfully prays that Defendant, Werner Enterprises, Inc and Sidney Averett, be served and cited to appear and answer herein, and that upon final trial of this cause, Plaintiff be awarded judgment against Defendant for the above described compensatory damages in the full amounts allowed by law, together with pre-judgment and post-judgment interest, costs of court, and all such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LOWENBERG LAW FIRM, PLLC

By: /s/ *Michael J. Lowenberg*
MICHAEL J. LOWENBERG
Texas Bar No. 24001164
Mike@thetexastriallawyers.com
5433 Westheimer Suite 900
Houston, Texas 77056
Telephone: 1-832-241-6000
Facsimile: 1-832-241-6001

**ATTORNEYS FOR PLAINTIFF
Kenneth Warren Warbrick**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 25, 2022

Certified Document Number:        103448195 Total Pages:  7

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**